IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION <br> NO. 142 PENSION FUND, <br>     Plaintiffs, <br><br> v. <br><br> INDUSTRIAL PNEUMATICS, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: 2:16-cv-187 |

# COMPLAINT

The Trustees of the Teamsters Union No. 142 Pension Fund, by their undersigned attorney, hereby complain of Defendant, **Industrial Pneumatics, Inc.,** as follows:

JURISDICTION AND VENUE

1. This complaint is brought under, and this Court has jurisdiction pursuant to, Section 502(a)(3), (e)(1), and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3), (e)(1), and (f); 29 U.S.C. § 1381, et. seq.(hereinafter "MPPAA"); and Section 301(a) of the Labor Management Relations Act of 1947, (hereinafter "LMRA"), as amended, 29 U.S.C. § 185(a).

2. This action may properly be brought in the Northern District of Indiana, and venue is proper in this district, pursuant to the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 29 U.S.C. § 1391(b) and (c), in that Plaintiffs' Trust Fund offices are located at 1300 Clark Road, Gary, Indiana, the Trust Fund is administered in the Northern District of Indiana, and the claims of the Plaintiffs arose therein.

PARTIES

3.     Plaintiffs are the Trustees of the Teamsters Union No. 142 Pension Fund (hereinafter the "Fund"), and are "fiduciaries" within the meaning of Sections 3(21)(a), 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 102(21)(A), 1132(a)(3) and (g)(2).   The Fund is an "Employee Pension Benefit Plan" and "Pension Plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and is therefore an "Employee Benefit Plan" and "Plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 102(3).    The Fund is also a "multi-employer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The Fund was established and is maintained by employers engaged in commerce or in an industry affecting commerce, and by an employee organization representing employees engaged in commerce and in an industry engaged in commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(A).

4.     **Industrial Pneumatics, Inc.** is an Indiana corporation.

5.     **Industrial Pneumatics, Inc.** is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of the MPPAA, 29 U.S.C. § 1381, et. seq.

FACTUAL ALLEGATIONS

6.     **Industrial Pneumatics, Inc.** was a party to a Collective Bargaining Agreement with Local No. 142 of the International Brotherhood of Teamsters, AFL-CIO (hereinafter "the Union").

7.     **Industrial Pneumatics, Inc.** has employed persons represented for collective bargaining purposes by the Union and has agreed to be bound by the Collective Bargaining Agreement, and agreements referred to therein.

2

8. The Collective Bargaining Agreement required **Industrial Pneumatics, Inc.** to make periodic contributions on behalf of its employees to the Trust Fund, in amounts established by the applicable Collective Bargaining Agreement.

9. The Fund learned that **Industrial Pneumatics, Inc.** was no longer operating and planned to liquidate its assets.

10. **Industrial Pneumatics, Inc.** effectuated a complete withdrawal from the Teamsters Union No. 142 Pension Fund during the plan year ending June 30, 2016.

11. The Fund determined that **Industrial Pneumatics, Inc.'s** withdrawal liability assessment is $31,058.00.

12. The amendments to the Pension Plan provide that under these circumstances **Industrial Pneumatics, Inc.** is deemed to be in default with respect to its withdrawal liability obligation.

13. The Fund notified **Industrial Pneumatics, Inc.'s** owner, Patricia Lynn Klutinoty, in writing on April 12, 2016, of **Industrial Pneumatics, Inc.'s** withdrawal liability obligation, its default status and its obligation to pay the full withdrawal liability assessment on or before May 13, 2016.

## CAUSE OF ACTION

14. **Industrial Pneumatics, Inc.** failed to pay the withdrawal liability assessment by May 13, 2016.

15. **Industrial Pneumatics, Inc.'s** failure to pay the withdrawal liability assessment by May 13, 2016 violates ERISA and MPPAA.

16. The Fund is entitled to claim the full amount of the withdrawal liability assessment from **Industrial Pneumatics, Inc**.

**WHEREFORE**, Plaintiffs request that the Court enter a judgment and order, pursuant to the provisions of Sections 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2):

A. Finding and declaring that Defendant is in violation of ERISA and MPPAA;

B. Ordering Defendant to pay to the Fund the full amount of the withdrawal liability assessment;

C. Ordering Defendant to pay to the Fund interest due on the withdrawal liability assessment;

D. Ordering Defendant to pay to the Fund liquidated damages in the amount of 20% of the full withdrawal liability;

E. Ordering Defendant to pay to the Fund its reasonable attorney's fees and costs;

F. Granting Plaintiffs such other and further relief as the court may deem just in the premises.

By: /s/ Teresa A. Massa
Teresa A. Massa, #16133-45
1158 W. Lincolnway, Ste. 2
Valparaiso, Indiana   46385
(219) 465-1766
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail return receipt requested, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this **24th** day of **May, 2016**, on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Ave.
Washington, D.C. 20224

Secretary of Labor
200 Constitution Ave., N.W.
Washington, D.C. 20210
Attn: Asst. Solicitor for Plan Benefits Security

/s/ Teresa A. Massa
Teresa A. Massa